**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-20032-01-DDC |
| ) | |
| COTY C. MEWES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Assistant United States Attorney Trent M. Krug, responds in opposition to the defendant's Sentencing Memorandum (doc. 23), and requests a low-end Guideline sentence of 18 months' imprisonment.

### Background and Summary of Government's Position

Pursuant to a written plea agreement, the defendant entered a guilty plea to escape from custody, in violation of Title 18, United States Code, Section 751(a).  (Docs. 16-19.)  As the Presentence Report (PSR) was disclosed to the Court and parties (doc. 20), the Government will not reiterate the case's complete procedural history.  In addition, the PSR sets forth the offense conduct pertaining to the count of conviction, so those facts will merely be referred to as is necessary.  (*Id.* at ¶¶ 7-17.)  The PSR author determined the total offense level to be 11 (*id.* at ¶ 97), with criminal history category IV (*id.* at ¶ 67), for a United States Sentencing Guidelines Range (U.S.S.G.) of 18 to 24 months' imprisonment.  (*Id.* at ¶ 97.)

The defendant filed a Sentencing Memorandum (doc. 23), wherein he requests a downward variance from his U.S.S.G. range.  As will be shown below, a downward variance is not appropriate in this case.  Based on the facts of this case, as well as the Title 18, United States

Code, Section 3553(a) factors, the Government's recommendation of a low-end guideline sentence is sufficient, but not greater than necessary, to meet the statutory sentencing purposes.

## Argument and Authorities

**I.     Defendant's request for a downward variance should be denied.**

18 U.S.C. § 3553(a) provides, in part, the following:

**(a) Factors to be considered in imposing a sentence**.  The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider –

   **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

   **(2)** the need for the sentence imposed--
      **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      **(B)** to afford adequate deterrence to criminal conduct;
      **(C)** to protect the public from further crimes of the defendant; and
      **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   **(3)** the kinds of sentences available;

   **(4)** the kinds of sentences and the sentencing established for –
      **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –

   **(5)** any pertinent policy statement –

   **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

   **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The history and characteristics of the defendant are reflected in the PSR, which reveals an individual commencing a life of crime since age 16.  Without interruption, the defendant has had

contact with the criminal justice system and/or law enforcement from ages 18 to 29.[1]  In the PSR's *Mental and Emotional Health* section, medical and mental health records reflect the defendant has a history of severe defiance and oppositional behavior; impulsivity; unstable mood; homicidal threats; aggressive and violent behavior toward others; running away; and property destruction.  (Doc. 20, at ¶ 86.)  These very characteristics are woven in the very fabric which comprises the defendant's criminal history.

The PSR's *Criminal History*, *Other Criminal Conduct*, *Pending Charges*, and *Other Arrests* sections span from pages 6 to 21.  (Doc. 20, at ¶ 33-73.)  The defendant's criminal behavior runs the gamut from theft, resisting arrest, assault, property damage, firearm offenses, burglary, and drug possession.  The government is particularly troubled by the defendant's violent acts toward females with whom he has/had a familial or personal relationship.  (*Id*., at ¶¶ 37-38, 43, 56, 68, and 70.)  The defendant has fathered four children with four different women, and he owes more than $46,000 in child support, revealing instability, impulsivity, and lack of responsibility.   The defendant's offense conduct and his criminal history belie the notion that he deserves any downward variance from the appropriately determined U.S.S.G. range.

On March 26, 2020, a week after his Grossman Center escape, the defendant again engaged in criminal activity.  His association that day with a stolen vehicle, and a female in possession of stolen checks, a loaded firearm, and drugs, suggest more than an impulsive reaction to the COVID-19 pandemic.  Although the defendant argues he is ready to focus on rehabilitation, he did little, if anything, to take advantage of previous court interventions.  The juvenile justice system tried to interrupt the defendant's criminal conduct, but to no avail.  The

---

[1] On September 20, 2017, the defendant (29 years old) was arrested and charged with Felon in Possession of a Firearm in the United States District Court for the Western District of Missouri, Case No. 4:17-CR-00253-01.  (Doc. 20, at ¶ 64.)  On April 20, 2018, the Court sentenced him to 36 months' imprisonment, followed by two years of supervised release.  *Id*.

Missouri adult criminal justice system also made valiant efforts at rehabilitation; however, the defendant repeatedly violated imposed conditions and continued engaging in criminal conduct. The defendant has shown, repeatedly, that he will continue to commit crimes while he is under the supervision of courts. There is no reason to deviate from the policy statement of the Guidelines in this case.

For all of these reasons, although the Guidelines are entirely advisory, and a district court has discretion to vary from an advisory range, a district court must consider the Guidelines range, *see* § 3553(a)(4), the Court is usually well advised to follow the Sentencing Commission's advice, in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Moreover, there are no other § 3553(a) factors in this case that militate against imposition of a sentence within that range; to the contrary, the § 3553(a) factors on balance support the imposition of the Guidelines-recommended punishment. Accordingly, the Government respectfully recommends a sentence of imprisonment at the low-end of the guidelines range.

## Conclusion

THEREFORE, the advisory guidelines range is 18-24 months and the low-end calculation of that sentence appropriately considers the factors established by 18 U.S.C. § 3553(a) and would be a reasonable sentence in this case.

Respectfully submitted,

/s/ *Trent M. Krug*
Trent M. Krug, #19454
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas  66101
(913) 551-6730
(913) 551-6541 (fax)
Trent.Krug@usdoj.gov

4

CERTIFICATE OF SERVICE

I certify that on October 14, 2020, I electronically filed this Sentencing Memorandum with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Gary D. Stone
753 State Avenue, Suite 388
Kansas City, Kansas 66101
(913) 281-6601
(913) 281-6602 (fax)
stonelawoffice@sbcglobal.net
Attorney for Defendant

/s/ *Trent M. Krug*
Trent M. Krug
Assistant United States Attorney